**In re the Petition for a Writ of Habeas Corpus for the Release of the Minor, K.C.**

**H.S., Appellant–Petitioner,**

v.

**K.M.C., Appellee–Respondent.**

**No. 62A01–0910–CV–493.**

Court of Appeals of Indiana.

March 11, 2010.

Victor J. Ippoliti, Ippoliti Law Office, Ferdinand, IN, Attorney for Appellant.

James G. Tyler, Tyler Law Office, Tell City, IN, Attorney for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

H.S. ("Mother") gave birth to K.C. out-of-wedlock in the State of Indiana and was thus the custodial parent pursuant to Indiana Code Section 31–14–13–1.[1] Absent any adjudication of custody, K.M.C. ("Father") removed K.C. from Indiana to Alabama and later to Mississippi. When Mother located Father several years later and filed a Petition for Writ of Habeas Corpus in Perry Circuit Court, Father moved to dismiss, claiming that Mississippi had become K.C.'s home state and the proper state to adjudicate custody under the Uniform Child Custody Jurisdiction Act ("the UCCJA").[2] The trial court determined that it lacked jurisdiction to adjudicate K.C.'s custody, in deference to Mississippi, and refused to issue a writ. Mother now appeals. We reverse and remand.

### Issue

A sole issue is presented: Whether the trial court erred in declining to exercise jurisdiction over Mother's petition to enforce her custodial rights.

### Discussion and Decision

Mother contends that the trial court erred in determining that it lacked jurisdiction over her petition to enforce her custodial rights. When jurisdictional facts are not in dispute, the question of whether a trial court had jurisdiction is reviewed *de novo. Novatny v. Novatny,* 872 N.E.2d 673, 679 (Ind.Ct.App.2007).

K.C. was born out-of-wedlock in Perry County, Indiana on February 26, 2003. Accordingly, Mother had the sole legal custody of K.C. Ind.Code § 31–14–13–1. Father took K.C. from Indiana and remained outside the state for several years. At the hearing conducted on September 15, 2009, Mother testified that Father abducted K.C. after she refused to resume living with Father. Father did not testify; by affidavit he claimed that Mother had abandoned K.C.[3] Nonetheless, the parties

---

1. Indiana Code Section 31–14–13–1 provides in relevant part: "[a] biological mother of a child born out of wedlock has sole legal custody of the child, unless a statute or court order provides otherwise[.]"

2. Indiana has adopted the Act. It is codified at Indiana Code Sections 31–21–1–1 to 31–21–7–3.

3. The affidavit is not marked as an evidentiary exhibit. It was stamped "filed" by the Clerk of the Perry Circuit Court on August 10, 2009. It is not clear whether the trial court considered the affidavit. Nonetheless, the trial court made no finding of abandonment.

agree that no court order has changed the custody of K.C. from Mother to Father.[4] It is uncontroverted that Mother has not had access to K.C. for three and one-half years.

Father claimed that he had, by his unilateral action, caused Mississippi to become the home state of K.C. under the UCCJA and thus Mississippi was the proper forum for determining custody. The trial court declared Mississippi to be K.C.'s home state, declined to exercise jurisdiction, and entered an order of dismissal stating in relevant part:

> Perry Circuit Court does not have jurisdiction in this cause but rather jurisdiction lies under the Uniform Child Custody Jurisdiction Act with the State of Mississippi and as such the Father's Motion to Dismiss should be GRANTED.

(App.4.) A trial court's jurisdiction over custody matters with interstate dimensions is governed by the UCCJA. *Novatny*, 872 N.E.2d at 678. The UCCJA defines "home state" as "the state in which a child lived with (1) a parent; or (2) a person acting as a parent; for at least six (6) consecutive months immediately before the commencement of a child custody proceeding." Ind.Code § 31–21–2–8. Nonetheless, Mother did not ask that the Perry Circuit Court adjudicate K.C.'s custody. Rather, she sought to enforce her rights as the legal custodial parent, and asked that the Perry Circuit Court order Father to return K.C. to her. The petition for a writ did not implicate the provisions of the UCCJA.

Because it may arise on remand, we observe that, although K.C. has physically resided in Mississippi for some time, Father cannot, in defiance of legal custody,

change K.C.'s "home state" so as to gain a jurisdictional advantage. *See Ashburn v. Ashburn*, 661 N.E.2d 39, 40 (Ind.Ct.App. 1996) (one parent cannot "gain home state jurisdictional advantage under the UCCJA" by taking a child to another state and hiding the child), *trans. denied.* Indeed, one of the primary objectives of the UCCJA is to deter child abductions "and other unilateral removals of children" by parents hoping to gain custody awards. *In re Adoption of M.L.L.*, 810 N.E.2d 1088, 1091 (Ind.Ct.App.2004). Here, Father's behavior was at worst criminal[5] and at best self-help that ignored the relevant law. His unilateral actions did not deprive the Perry Circuit Court of jurisdiction to enforce custody rights vested in one of its citizens.

Reversed and remanded.

BAKER, C.J., and ROBB, J., concur.

---

4. Mother testified that she initiated custody proceedings in Alabama. However, Father then relocated to Mississippi and Mother did not continue to pursue an action in Alabama. After Mother initiated the instant proceedings in Perry County, Father filed a custody petition in Mississippi.

